# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 01-08 |
| KEVIN HUFF | SECTION "N"(3) |

## REPORT AND RECOMMENDATION

This matter was referred to the Magistrate Judge for issuance of a Report and Recommendation for determination of whether the defendant's late filing of notice of appeal was due to excusable neglect or good cause.[1] The directive resulted from the order issued by the United States Fifth Circuit Court of Appeals on February 4, 2009, remanding this matter to the District Court to make such a determination from the prison mail logs or other evidence and return the matter to that Court for further proceedings.[2] The defendant, Kevin Huff ("Huff") is a *pro se* prisoner, who availed himself of the inmate institutional mail for purposes of filing both the Motion for

---

[1] Rec. Doc. No. 180.

[2] Rec. Doc. No. 176.

Reconsideration[3] and the Notice of Appeal[4] at issue. Here, Huff attempted to appeal the denial of his motion for reconsideration of the order granting his motion to reduce sentence.[5]

The Fifth Circuit Court of Appeals recognized that defendant's Notice of Appeal would be considered timely if it were filed on or before November 10, 2008.[6] Indeed, Huff's Motion for Reconsideration should be considered timely if it was filed on or before that date.[7] Defendant Huff's Motion for Reconsideration and Notice of Appeal were both file stamped by the Clerk of Court on November 24, 2008.[8] However, a prisoner's notice of appeal is deemed filed when it is delivered to prison officials for forwarding to the court.[9]

The "mailbox rule" applies to Huff's motion for reconsideration and notice of appeal; thus both should be deemed filed as of the dates that he entrusted same to prison authorities for mailing. In the case of Huff's Motion for Reconsideration (Rec. Doc. No. 168), the record reflects that the defendant signed the aforesaid motion on November 5, 2008 and the envelope is postmarked November 6, 2008. Under the "mailbox rule," the defendant's Motion for Reconsideration is constructively filed when the papers were delivered to prison authorities, which was, at the latest,

---

[3]Rec. Doc. No. 168.

[4]Rec. Doc. No. 169.

[5]Rec. Doc. No. 165 (entered October 27, 2008).

[6]Rec. Doc. No. 176.

[7]*U.S. v. Brewer*, 60 F.3d 1142, 1145 (5th Cir. 1995) (holding that motions for reconsideration filed in criminal cases are timely if filed within the time prescribed for noticing an appeal under Fed. R. App. P. 4(b) and giving a timely filed motion for reconsideration the same tolling effcct as the motions expressly addressed by the aforesaid rule); *U.S. v. Ruiz*, 71 Fed.Appx. 301 (5th Cir. 2003)(not selected for publication) (citing, *Brewer, supra*, with approval).

[8]Rec. Doc. Nos. 168 and 169.

[9] *Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006) (discussing the mailbox rule applicable to pro se prisoner filings).

the date it was postmarked (November 6, 2008). Here, Huff certifies that he executed the motion for reconsideration on November 5, 2008 and entrusted delivery of same to "inmate institutional mail."[10] Therefore, under the mailbox rule defendant's Motion for Reconsideration was timely filed.

Similarly, defendant's Notice of Appeal was signed by Huff on November 5, 2008 and bears the same postmark (November 6, 2008).[11] Moreover, defendant's Notice of Appeal specifically provides that "petitioner does not want this notice activated, until the Court has considered the motion to reconsider."[12] Accordingly, the best information available to the Court is that the defendant's Motion for Reconsideration and Notice of Appeal were both timely filed prior to November 10, 2008. In any event, the defendant had no control whatsoever after entrusting his motion and notice to prison officials which were both postmarked November 6, 2008.[13] Accordingly, and specifically addressing the mandate of the Fifth Circuit Court of Appeals (albeit in the alternative), the requisite "good cause" exists.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the Court inform the United States Fifth Circuit Court of Appeals that under the "mailbox rule" both defendant's Motion for Reconsideration and Notice of Appeal were timely filed and, alternatively, that the requisite "good cause" exists under Rule 4(b)(4) to grant an additional thirty days in which to file notice of appeal. Under either scenario, it is **FURTHER RECOMMENDED** that the matter be returned to the United States Fifth Circuit Court of Appeals for further proceedings as directed in the remand order.

---

[10] Rec. Doc. No. 168 at p. 9.

[11] Rec. Doc. No. 169.

[12] *Id.*

[13] Rec. Doc. Nos. 168 and 169.

**OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of March, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**